UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00149-TBR

GGNSC LOUISVILLE MT. HOLLY, LLC,                       PLAINTIFFS
d/b/a GOLDEN LIVINGCENTER – MT. HOLLY, *et al.*

v.

MERECCO TURNER, as Administrator of the Estate of
EARLENE WHITE, deceased                                           DEFENDANT

**Memorandum Opinion and Order**

This matter is before the Court upon Plaintiffs' motion to compel arbitration and to enjoin defendant from further pursuing related state court litigation. [DN 5.] Defendant has responded, [DN 18], and Plaintiffs have replied, [DN 19]. Fully briefed, Plaintiffs' motion is ripe for adjudication. For the following reasons, that motion [DN 5] is GRANTED.

**I. Facts and Procedural History**

For about two months in 2015, Earlene White was a resident of the Golden Living Center – Mt. Holly nursing home in Louisville, Kentucky. [DN 18 at 1.] During her stay at that facility, Ms. White alleged that she "suffered physical and emotional injuries due to inadequate care." [*Id.* at 1-2.] Accordingly, she filed suit in Jefferson County, Kentucky Circuit Court against various persons and entities associated with Golden Living Center. That case is styled *White v. Golden Gate National Senior Care, LLC d/b/a Golden Living, et al.*, Civil Action No. 16-CI-00408. [DN 1-2.]

In turn, Plaintiffs filed the instant suit in federal court. *See* [DN 1.][1] They claim that a document executed by Ms. White upon her admittance to Golden Living Center requires that all her claims in the Jefferson Circuit Court case be submitted to arbitration. That document, entitled the "Alternative Dispute Resolution Agreement," states that Ms. White and the nursing home "agree that any disputes covered by this Agreement . . . that may arise between them shall be resolved exclusively by an ADR process that shall include mediation, and where mediation is not successful, binding arbitration." [DN 1-1 at 1.] Although Defendant contends that the arbitration agreement is unenforceable, Defendant does not dispute the agreement's authenticity.

In pertinent part, the agreement between Ms. White and Golden Living Center provides that "any and all disputes arising out of or in any way relating to this Agreement or to the Resident's stay at the Facility or the Admissions Agreement between the Parties that would constitute a legally cognizable cause of action" shall be subject to arbitration. [*Id.* at 2.] The agreement requires that the arbitration be administered by JAMS, pursuant to its rules of procedure. [*Id.*] Further, the first page contains conspicuous language regarding the waiver of a right to a jury trial:

> **THE PARTIES UNDERSTAND, ACKNOWLEDGE, AND AGREE THAT THEY ARE SELECTING A METHOD OF RESOLVING DISPUTES WITHOUT RESORTING TO LAWSUITS OR THE COURTS, AND THAT BY ENTERING INTO THIS AGREEMENT,**

---

[1] Plaintiffs in this case are GGNSC Louisville Mt. Holly, LLC, d/b/a Golden Living Center – Mt. Holly; Golden Gate National Senior Care, LLC, d/b/a Golden Living; GGNSC Administrative Services, LLC; GGNSC Equity Holdings, LLC; Golden Gate Ancillary, LLC; GGNSC Clinical Services, LLC; and GPH Louisville Mt. Holly, LLC.

> **THEY ARE GIVING UP THEIR CONSTITUTIONAL RIGHT TO HAVE THEIR DISPUTES DECIDED IN A COURT OF LAW BY A JUDGE OR JURY, THE OPPORTUNITY TO PRESENT THEIR CLAIMS AS A CLASS ACTION AND/OR TO APPEAL ANY DECISION OR AWARD OF DAMAGES RESULTING FROM THE ADR PROCESS EXCEPT AS PROVIDED HEREIN.**

[*Id.* at 1 (emphasis in original).] Ms. White was not required to sign the arbitration agreement to be admitted to Golden Living Center. [*Id.*]

Sadly, Ms. White passed away during the pendency of this action. *See* [DN 6.] Merecco Turner was appointed administrator of Ms. White's estate by the Jefferson District Court, and is now the defendant in this case. *See* [DN 16.] He responded to Plaintiffs' motion to compel arbitration, [DN 18], and they replied, [DN 19].

## II. Standard of Review

Congress enacted the United States Arbitration Act of 1925, more commonly referred to as the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq.*, in response to the common law hostility toward arbitration and the refusal of many courts to enforce arbitration agreements. The Supreme Court has since interpreted the FAA as codifying "a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008). The Court has further stated that the FAA's underlying purpose is to put arbitration agreements "upon the same footing as other contracts." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)). The FAA establishes a procedural framework applicable in both federal and state courts, and also mandates that substantive federal

arbitration law be applied in both. *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995); *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984).

Section 3 of the FAA permits a party seeking to enforce an arbitration agreement to request that litigation be stayed until the terms of the arbitration agreement have been fulfilled. 9 U.S.C. § 3. Before compelling arbitration, the Court "must engage in a limited review to determine whether the dispute is arbitrable." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003)). This review requires the Court to determine first whether "a valid agreement to arbitrate exists between the parties," and second whether "the specific dispute falls within the substantive scope of the agreement." *Id.* (quoting *Javitch*, 315 F.3d at 624). "Because arbitration agreements are fundamentally contracts," the Court must "review the enforceability of an arbitration agreement according to the applicable state law of contract formation." *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943-44 (1995)).

### III. Discussion

Defendant puts forth three principal arguments in an effort to stave off arbitration. First, he argues that the arbitration agreement is not enforceable under the Federal Arbitration Act because it does not involve interstate commerce. Next, Defendant contends that the agreement is procedurally and substantively unconscionable under Kentucky law. Finally, Defendant claims that even if the

4

arbitration agreement is valid, the Anti-Injunction Act prevents this Court from enjoining him from further pursuing the related litigation in Jefferson Circuit Court.

These arguments are not novel. Rather, in some form or fashion, each one has been raised before, and rejected by, eleven of the thirteen federal district judges currently sitting in this Commonwealth.[2] *See GGNSC Louisville Mt. Holly LLC v. Stevenson*, No. 3:16-CV-00423-JHM, 2016 WL 5867427 (W.D. Ky. Oct. 6, 2016) (McKinley, C.J.); *GGNSC Louisville Hillcreek, LLC v. Watkins*, No. 3:15-CV-902-DJH, 2016 WL 815295 (W.D. Ky. Feb. 29, 2016) (Hale, J.); *Sun Healthcare Group, Inc. v. Dowdy*, No. 5:13-CV-00169-TBR, 2014 WL 790916 (W.D. Ky. Feb. 26, 2014) (Russell, J.); *Pine Tree Villa, LLC v. Coulter*, No. 3:15-CV-00815-CRS-CHL (W.D. Ky. Oct. 4, 2016) (Simpson, J.); *Golden Gate National Senior Care, LLC v. Fleshman*, No. 3:15-CV-00891-GNS, 2016 WL 3406159 (W.D. Ky. June 17, 2016) (Stivers, J.); *Brookdale Senior Living Inc. v. Stacy*, 27 F. Supp. 3d 776 (E.D. Ky. 2014) (Caldwell, C.J.); *Diversicare of Nicholasville, LLC v. Lowry*, __ F. Supp. 3d ___, 2016 WL 5852857 (E.D. Ky. 2016) (Hood, J.); *GGNSC Stanford, LLC v. Gilliam*, __ F. Supp. 3d ___, 2016 WL 4700135 (E.D. Ky. 2016) (Reeves, J.); *Preferred Care, Inc. v. Howell*, No. 16-13-ART, 2016 WL 4470746 (E.D. Ky. Aug. 19, 2016) (Thapar, J.); *GGNSC Frankfort, LLC v. Tracy*, No. 14-30-GFVT, 2015 WL 1481149 (E.D. Ky. Mar. 31, 2015) (Van Tatenhove, J.); *Diversicare Leasing Corp. v. Allen*, No. 15-60-GRW, 2016 WL 4443169 (E.D. Ky. Aug. 18, 2016) (Wilhoit, J.). Defendant has

---

[2] District Judge David L. Bunning and Senior District Judge William O. Bertelsman, both sitting in the Eastern District of Kentucky, appear never to have passed upon these issues.

presented this Court with no compelling reason why it should depart from this precedent. Therefore, as more fully explained below, Plaintiffs' motion must be granted.

### A. Interstate Commerce

Defendant first claims that the arbitration agreement between Ms. White and Golden Living Center "plainly fails to meet the standards for enforcement under the FAA" because the contract does not evidence a transaction involving interstate commerce. [DN 18 at 4.] In order for the FAA to apply to this arbitration agreement, such a nexus between the contract and interstate commerce must exist. 9 U.S.C. § 2.

The Supreme Court has interpreted the phrase "involving commerce" in the FAA as signaling the broadest permissible exercise of Congress' Commerce Clause power. *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003). Based upon that interpretation, this Court has found on multiple prior occasions that nursing home admission agreements implicate interstate commerce. *See Life Care Centers of Am., Inc. v. Estate of Neblett*, No. 5:14-CV-00124-TBR, 2014 WL 5439623, at *6-7 (W.D. Ky. Oct. 22, 2014); *Sun Healthcare Group, Inc. v. Dowdy*, No. 5:13-CV-00169-TBR, 2014 WL 790916, at *11-12 (W.D. Ky. Feb. 26, 2014); *GGNSC Louisville Hillcreek, LLC v. Warner*, No. 3:13-CV-752-H, 2013 WL 6796421, at *7-8 (W.D. Ky. Dec. 19, 2013). In *Warner*, this Court emphasized that while the nursing care may occur wholly within the borders of Kentucky, the food, medicine, medical, and other supplies all likely come from elsewhere and that it would be impracticable for the

6

nursing home to procure all goods necessary for the daily operations purely through intrastate channels. *Warner*, 2013 WL 6796421, at *8. The *Warner* Court also noted that, like here, Defendant's state court complaint alleged that foreign entities owned, operated, managed, controlled, and provided services for the nursing home. *Id.*; *see* [DN 1-2]. Ms. White's admissions agreement with Golden Living Center, containing the arbitration clause, reflects a transaction in interstate commerce.

### B. Unconscionability

Next, Defendant argues that the arbitration agreement is unconscionable. [DN 18 at 4.] He states that the agreement is a contract of adhesion "likely presented to [Ms. White] within a lengthy stack of admissions paperwork," and that "there is an obviously gross disparity of bargaining power between the parties." [*Id.* at 5.] Defendant also alleges that the procedural rules followed by JAMS, the designated arbitrator, are insufficient to allow Defendant to fully present his case.

The doctrine of unconscionability is a narrow exception to the fundamental rule of contract law that, absent fraud in the inducement, a written agreement duly executed by the party to be held, who had an opportunity to read it, will be enforced according to its terms. *See, e.g., Conseco Fin. Serv. Corp. v. Wilder*, 47 S.W.3d 335, 341 (Ky. Ct. App. 2001) (finding arbitration clause was not unconscionable). A contract may be either procedurally or substantively unconscionable. Procedural unconscionability "pertains to the process by which an agreement is reached." *Id.* at 341 n.22. In contrast, substantive unconscionability "refers to contractual terms that are unreasonably or grossly favorable to one side and to which the disfavored

7

party does not assent." *Id.* (citing *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir. 1999)).

The arbitration agreement at issue in this case is neither procedurally nor substantively unconscionable. First, the Supreme Court of Kentucky has said that "[a]dhesion contracts," including ones containing arbitration clauses, "are not *per se* improper." *Schnuerle v. Insicht Commc'ns, Co. L.P.*, 376 S.W.3d 561, 576 (Ky. 2012). Rather, when "[t]he [arbitration] clause [is] not concealed or disguised within the form," when its terms "are clearly stated," and when "its effect is not such as to alter the principal bargain in an extreme or surprising way," it will not be procedurally unconscionable. *Id.* at 576-77. Here, the Court notes that the arbitration agreement at issue: (1) is a stand-alone agreement; (2) contains four printed pages in normal font; (3) contains a bold-face capital letter provision noting waiver of right to a jury trial on its first page; (4) contains no limitation on type or amount of damages claimed; (5) contains no limitation on causes of action; and (6) contains a signature page titled in bold-face capital letters stating that the agreement governs important legal rights and should be read carefully. Taking these factors into account, the arbitration agreement between Ms. White and Golden Living center was not unconscionable from a procedural standpoint.

Defendant's substantive unconscionability arguments are of similar import. Under the FAA, Defendant's allegations that arbitration will not afford him an adequate opportunity to present his claims "[are] not a proper basis for refusing enforcement of an arbitration clause under the doctrine of unconscionability." *Sun*

8

*Healthcare Group, Inc. v. Dowdy*, No. 5:13-CV-00169-TBR, 2014 WL 790916, at *13 (W.D. Ky. Feb. 26, 2014); *see also GGNSC Louisville Hillcreek, LLC v. Warner*, No. 3:13-CV-752-H, 2013 WL 6796421, at *9 (W.D. Ky. Dec. 19, 2013) (JAMS arbitration rules, procedures, and costs are not substantively unconscionable). Essentially, Defendant's arguments, at their core, "are nothing more than objections to arbitration agreements *in general*, and therefore directly contradict the policy embodied in the FAA." *Brookdale Sr. Living, Inc. v. Stacy*, 27 F. Supp. 3d 776, 788 (E.D. Ky. 2014) (emphasis in original). Once again, this Court need not entertain the same arguments that it has rejected on numerous prior occasions. *See Preferred Care of Delaware, Inc. v. Hopkins*, No. 5:15-CV-00191-GNS-LLK, 2016 WL 3546407, at *4-5 (W.D. Ky. 2016); *Arnold v. Owensboro Health Facilities, L.P.*, No. 4:15-CV-00104-JHM, 2016 WL 502601, at *4-5 (W.D. Ky. Feb. 8, 2016) (collecting cases).

C. Anti-Injunction Act

Lastly, Defendant contends that even if the arbitration agreement is otherwise enforceable, this Court may not enjoin the parties from further pursing the underlying Jefferson Circuit Court litigation. [DN 18 at 6.] "Although the FAA requires courts to stay their own proceedings where the issues to be litigated are subject to an agreement to arbitrate, it does not specifically authorize federal courts to stay proceedings pending in state courts." *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 894 (6th Cir. 2002) (quoting *Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1180 (11th Cir. 1981)) (internal citations omitted).

9

Accordingly, "the district court's authority to enjoin state-court proceedings is subject to the legal and equitable standards for injunctions generally, including the Anti-Injunction Act." *Id.* In turn, the Anti-Injunction Act provides, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C § 2283.

In *Great Earth*, after a trial court concluded that the parties' dispute was subject to arbitration, the Sixth Circuit held that "[a]n injunction of the state proceedings [was] necessary to protect the final judgment of the district court." *Great Earth*, 288 F.3d at 894. Such is the case here. Having concluded that Ms. White and Golden Living Center entered into a binding arbitration agreement covering the claims at issue in the Jefferson Circuit Court case, the injunction Plaintiffs request "properly falls within the exception for injunctions 'necessary to protect or effectuate [this Court's] judgments.'" *Id.* (quoting 28 U.S.C. § 2283). "Otherwise, [Defendant] would be permitted to circumvent [the] arbitration agreement and in doing so, circumvent this Court's judgment that [Defendant] be compelled to arbitrate [Ms. White's] claims." *Brookdale Sr. Living, Inc. v. Stacy*, 27 F. Supp. 3d 776, 792 (E.D. Ky. 2014). This Court has often taken this same approach in the past, and it does so again today. *See, e.g.*, *GGNSC Louisville Mt. Holly LLC v. Stevenson*, No. 3:16-CV-00423-JHM, 2016 WL 5867427, at \*4 (W.D. Ky. Oct. 6, 2016); *GGNSC Louisville Hillcreek, LLC v. Watkins*, No. 3:15-CV-902-DJH, 2016 WL 815295, at \*7 (W.D. Ky. Feb. 29, 2016); *GGNSC Louisville Hillcreek,*

10

*LLC v. Warner*, No. 3:13-CV-752-H, 2013 WL 6796421, at *10 (W.D. Ky. Dec. 19, 2013).

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

Plaintiff's motion to compel arbitration and to enjoin Defendant [DN 5] is GRANTED. Defendant is ENJOINED from proceeding against Plaintiffs in the Jefferson Circuit Court action until the conclusion of the arbitration. The parties are COMPELLED to arbitrate all claims that are the subject of Defendant's claims in Jefferson Circuit Court. Counsel shall promptly inform the Jefferson Circuit Court of this Memorandum Opinion and Order.

This proceeding is STAYED until the conclusion of the ordered arbitration. The parties shall inform the Court when arbitration is complete.

The **telephonic status conference** scheduled **February 20, 2017** at **11:00 a.m. Eastern Time** is **CANCELLED.**

CC: Counsel of Record